# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN CORONADO and TAMMI CORONADO,<br><br>             Plaintiffs,<br><br>      v.<br><br>NATIONAL DEFAULT SERVICING CORPORATION; et al.,<br><br>             Defendants. | Case No.  1:15-cv-01844-MCE-SKO<br><br>**ORDER ON DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S MOTION TO COMPEL RESPONSES, FOR SANCTIONS AGAINST PLAINTIFFS, AND TO MODIFY THE COURT'S SCHEDULING ORDER**<br><br>(Doc. 13) |

## I.   INTRODUCTION

Plaintiffs Ivan and Tammi Coronado filed suit against various corporate entities involved in the ownership, servicing, and non-judicial foreclosure of their home.  (Doc. 1-4 (Complaint).) Defendant Select Portfolio Servicing, Inc. ("SPS") seek to compel discovery related to Plaintiffs' allegations "regarding the alleged fraudulently recorded documents, communications related to the Loan, Plaintiffs' Loan payments, Plaintiffs' default, non-judicial foreclosure proceedings, Plaintiffs' alleged damages and other documents and information related to the causes of action asserted in Plaintiffs' Complaint."  (Doc. 13 (Motion to Compel Responses ("Motion"), p. 5.)

Because this information is necessary for SPS to adequately notice and prepare for Plaintiffs' depositions and fully prepare its motion for summary judgment, SPS's motion to compel is GRANTED.  The scheduling order will be MODIFIED to allow the parties sufficient time to complete and review non-expert discovery.  Finally, SPS's motion to impose monetary sanctions against Plaintiffs to compensate SPS for its time and expenses in preparing the Motion is GRANTED in part.

## II.     Background

In September 2006, Plaintiffs obtained a home loan (the "Loan") from Central Pacific Mortgage Company ("Central") for $380,000.00 to purchase real property located at 820 East Ashlan Avenue, Fresno, California 93704 (the "Property"). (Compl., ¶ 21.) In connection with the Loan, Plaintiffs executed a deed of trust ("DOT") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Central and Central's successors and assigns, securing the promissory note ("Note") Plaintiffs executed in connection with the purchase of the Property. (*Id.*)

On April 8, 2013, MERS recorded an Assignment of the Deed of Trust ("Assignment"), evidencing MERS's assignment of the DOT to the Bear Sterns Mortgage Funding Trust.[1] After SPS began servicing the Loan, Plaintiffs fell behind on their Loan payments and a Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded on May 13, 2014, with the Fresno County Recorder's Office. (*Id.*, ¶ 23, 28.) On December 10, 2014, a Notice of Trustee's Sale ("NOTS") was recorded with the Fresno County's Recorder's Office, evidencing the unpaid principal balance and other charges totaling $433,244.08. (*Id.*, 33.)

On June 1, 2015, Plaintiffs filed the instant Complaint.[2] Plaintiffs claim that (1) Defendants did not properly account for their Loan payments; (2) Defendants stated incorrect sums due and owing in the NOD and NOTS; (3) Defendants failed to contact them to discuss options to avoid foreclosure prior to recording the NOD; and (4) the chain of title is void because MERS lacked authority to assign the Loan to the Trust and SPS fraudulently executed a substitution of trustee. (*Id.*, ¶¶ 4-6, 23-25, 27-28, 30-32.) Plaintiffs alleged claims for: (1) violation of California Homeowners' Bill of Rights; (2) violation of California Civil Code section 2923.5; (3) negligence; (4) violation of California Business and Professions Code § 17200 *et seq.*; (5) constructive fraud; (6) slander of title; (7) quiet title; (8) declaratory relief; and (9) injunctive relief. (*Id.*, pp. 12-29.)

---

[1] Defendant Bear Stearns Mortgage Funding Trust 2006-AR4, Mortgage Pass Through Certificates, Series 2006-AR4.

[2] The Complaint was initially filed in state court. Defendants removed the case to this Court on December 9, 2015.

Defendants filed their Answer to the Complaint in state court on June 23, 2015. (Doc. 1-6.)  On March 15, 2016, SPS served Interrogatories, Set One, Numbers 1-22 (the "Interrogatories") and Requests for Production of Documents, Set One, Numbers 1-25 (the "RFPs") (collectively, the "Propounded Discovery") separately upon each of the Plaintiffs. (Doc. 13-1 (Declaration of Kristapor Vartanian), ¶ 2.)[3]

The Propounded Discovery includes various questions and document requests related to Plaintiffs' allegations regarding the alleged fraudulently recorded documents, communications related to the Loan, Plaintiffs' Loan payments, Plaintiffs' default, non-judicial foreclosure proceedings, Plaintiffs' alleged damages and other documents and information related to the causes of action asserted in Plaintiffs' Complaint.  (*Id*. at Ex. A.)  Defendants seek this discovery "so that they may notice each of the Plaintiffs' depositions in a timely manner and to properly prepare their motion for summary judgment within the required timeframe. Plaintiffs' responses to the Propounded Discovery were due to SPS by no later than April 19, 2016."  (Doc. 13, p. 2; *see also* Vartanian Decl., ¶ 3.)

No responses were received by SPS on April 19, 2016.  (*Id*.)  On May 6, 2016, SPS sent a meet and confer letter to Plaintiffs informing Plaintiffs that all objections to the discovery requests are waived, and attempting to schedule a telephonic conference to discuss the issue.  (*Id*. at ¶ 4, Ex. B.)  The parties met and conferred by telephone on May 10, 2016, and Plaintiffs agreed to provide complete, verified responses, without objections, to the Propounded Discovery (including all responsive documents), by May 16, 2016.  (*Id*. at ¶ 5, Ex. C.)

On May 16, 2016, however, Plaintiffs failed to produce any responses to the Propounded Discovery.  (*Id*. at ¶ 6.)  Though Plaintiffs provided some documents, it is unclear the documents include all responsive documents, because Plaintiffs have not responded in any way to the RFPs. (*Id.*, ¶ 6, n. 2.)  Defense counsel emailed Plaintiffs and again informed Plaintiffs of their failure to respond.  (*Id*. at ¶ 7, Ex. D.)  Plaintiffs responded that "[w]e were hoping to work this out Pro Se, but after further review of the questions . . . [w]e will not be answering" until "we [have]

---

[3] Defendants also served Requests for Admission on Plaintiffs, which received no responses and are therefore deemed admitted.  (Vartanian Decl., ¶ 4 n. 1.)

3

retain[ed] counsel." (*Id.*) Plaintiffs still have neither provided any responses to the Propounded Discovery nor contacted Defendants regarding the outstanding discovery.

SPS filed the instant motion on June 29, 2016, seeking an order compelling Plaintiffs to respond to the outstanding discovery, imposing sanctions on Plaintiffs, and modifying the scheduling order to allow the completion of non-expert discovery. (Doc. 13.) In lieu of filing an opposition, Plaintiffs filed a notice of change of address on July 6, 2016. (doc. 14.) Out of an abundance of caution, the Court ordered SPS to serve Plaintiffs with another copy of the Motion at their post office box and reset the deadline for Plaintiffs to file their opposition to the Motion, if any. (Doc. 15.) When Plaintiffs failed to file any opposition, pursuant to the Court's order, the matter was deemed unopposed and submitted on the pleadings and the hearing was vacated. (Doc. 17.) The non-expert discovery motion deadline is currently set for August 15, 2016. (Doc. 12.)

### III.    Scope of Discovery and Requests

The scope and limitations of discovery are set forth in the Federal Rules of Civil Procedure and Evidence.  Rule 26(b) provides:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Relevancy is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 427 U.S. 340, 351 (1978).

**A.    Interrogatories**

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b).  Fed. R. Civ. P. 33(a).  A responding party is obligated to respond to the fullest extent

possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2007 WL 2781132, at *2 (E.D. Cal. Sep. 21, 2007)). The responding party has a duty to supplement a response if he later obtains the information sought or discovers the previous response requires correction. Fed. R. Civ. P. 26(e)(1)(A).

**B.     Requests for Production of Documents**

A party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Similarly, a party may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property . . ." Fed. R. Civ. P. 34(a)(2). A request is adequate if it describes items with "reasonable particularity"; specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed. R. Civ. P. 34(b). Thus, a request is sufficiently clear if it "places the party upon 'reasonable notice of what is called for and what is not.'" *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W. Va. 2000) (quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992)).

The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). Such documents include documents under the control of the party's attorney. *Meeks v. Parson*, 2009 WL 3303718 (E.D. Cal. Sept. 18, 2009); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) (a "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control"). In the

1 alternative, a party may state an objection to a request, including the reasons. Fed. R. Civ. P.
2 34(b)(2)(A)-(B).

3 If a party "fails to respond that inspection will be permitted -- or fails to permit inspection
4 -- as requested under Rule 34," the propounding party may make a motion to compel production
5 of the documents. Fed. R. Civ. P. 37(a)(3)(B)(iv). Further, "an evasive or incomplete disclosure,
6 answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P.
7 37(a)(4). A moving party has the burden of demonstrating "actual and substantial prejudice" from
8 the denial of discovery. *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

9 Rule 37(a)(5)(A) requires the court to award attorney's fees in "most circumstances."
10 *Balla v. Idaho*, 677 F.3d 910, 920 (9th Cir. 2012); *Global Ampersand, LLC v. Crown Eng'g &*
11 *Const., Inc.*, 261 F.R.D. 495, 502 (E.D. Cal. 2009) (noting Rule 37(a)(5) "requires a party to pay
12 attorney's fees caused by a failure to comply unless the failure was substantially justified or other
13 circumstances make an award of expenses unjust").

14 **IV. DISCUSSION**

15 **A. Plaintiffs Shall Respond to Defendant's Propounded Discovery**

16 In this action, the disputed discovery requests relate to the allegations of the complaint,
17 seeking evidence and documents to support or refute the allegations of the complaint, the damages
18 sought in the complaint, and the harm allegedly suffered due to Defendants' alleged acts and
19 omissions. Plaintiffs have not opposed the motion nor offered any reason why the Motion should
20 not be granted. The interrogatories and RFPs seek evidence that is highly probative to SPS's
21 defense of the case, and SPS is significantly prejudiced by Plaintiffs' failure to meaningfully
22 respond to its properly served Propounded Discovery.

23 Plaintiffs are therefore ORDERED to respond, without objections, to the Propounded
24 Discovery **by no later than August 26, 2016**. Fed. R. Civ. P. 33(b)(4), 34, 37; *Davis v. Fendler*,
25 650 F.2d 1154, 1160 (9th Cir. 1981) (interrogatories); *Richmark Corp. v. Timber Falling*
26 *Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (requests for production).

27 //
28 //

**B.     Attorney's Fees Shall Be Awarded Against Plaintiffs**

Further, SPS's request for attorney's fees incurred in filing the Motion shall be granted. Rule 37(a)(5) requires a party to pay attorney's fees caused by a failure to comply unless the failure was substantially justified or other circumstances make an award of expenses unjust. *Global Ampersand*, 261 F.R.D. at 502.  Here, Plaintiffs have offered no explanation for their failure to respond to SPS's properly propounded discovery, and attorney's fees are appropriate.

Generally the Ninth Circuit has adopted a lodestar approach for assessing the amount of reasonable attorney's fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).  In the context of fees awarded pursuant to Rule 37(a)(5), the Court looks to the lodestar factors only for guidance when deciding the amount of attorney's fees arising from the Motion. *Global Ampersand*, 261 F.R.D. at 502.

The party seeking the award of fees must submit evidence to support the number of hours worked and the rates claimed. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir.2000).  "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Id*. (citation omitted).  To determine the lodestar, the court may consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

As discussed above, Plaintiffs' failures and action are not substantially justified and an award of attorney's fees is appropriate.  The Court has examined the declarations and supporting documents submitted by counsel, as well as the factors above.  (*See* Vartanian Decl.)  The requested amount of $1,460 would be unjust because it is excessive and unreasonable.  In calculating the requested amount, SPS lists the following billable hours at an hourly billing rate of

7

$365: 2 hours spent by counsel on the Motion and 2 hours anticipated to be spend by counsel preparing a reply brief and preparing for the hearing. (*Id.*, ¶ 9.) However, because Plaintiffs did not oppose the Motion, no reply brief was needed and the hearing was vacated. (Doc. 17.) Accordingly, SPS will be awarded a total of $730 in compensation for the 2 hours of attorney time actually expended on preparation of the Motion.

## C. The Scheduling Order Shall Be Modified to Accommodate the Completion of Non-Expert Discovery

SPS asks that the Scheduling Order be modified to allow the completion of non-expert discovery, due to Plaintiffs' failure to respond to SPS's written discovery. The Court finds that Plaintiffs' failure to respond to SPS's Propounded Discovery is good cause for modifying the schedule. Fed. R. Civ. P. 16(b)(4). Accordingly, the Scheduling Order is amended as follows:

| *Case Management Event:* | *Prior-Operative Date-Deadline:* | *NEW Date-Deadline:* |
|---|---|---|
| Non-Expert Discovery Deadline | August 15, 2016 | **October 17, 2016** |
| Expert Disclosures | September 9, 2016 | **November 4, 2016** |
| Rebuttal-Supplemental Expert Disclosures | October 7, 2016 | **December 2, 2016** |
| Expert Discovery Deadline | December 6, 2016 | **December 16, 2016** |
| Non-Dispositive Motion Filing Deadline | October 13, 2016 | **December 8, 2016** |
| Non-Dispositive Motion Hearing Deadline | November 16, 2016 | **January 11, 2017** |
| Dispositive Motion (MSJ) Filing Deadline | November 14, 2016 | **January 13, 2017** |
| Dispositive Motion (MSJ) Hearing Deadline | January 13, 2017 | **February 13, 2017** |
| Settlement Conference | September 19, 2016 10:30 a.m., Ctrm 9 | **November 18, 2016 10:00 a.m., Ctrm 6** |

## V.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED:

1. Defendant's motion to compel discovery is GRANTED;

2. **By no later than August 26, 2016**, Plaintiffs SHALL produce documents responsive to Defendant's Request for Production, Set One, Numbers 1-25, and shall respond to Interrogatories, Set One, Numbers 1-22, without objections;

//

//

8

3. The Scheduling Order is MODIFIED consistent with this order; and

4. Attorney's fees are awarded to Select Portfolio Servicing, Inc., in the amount of $730.

IT IS SO ORDERED.

Dated: **August 1, 2016**                         /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE