# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN CORONADO and TAMMI CORONADO,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL DEFAULT SERVICING CORPORATION, SELECT PORTFOLIO SERVICING INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WELLS FARGO BANK, N.A., successor by merger to Wells Fargo Bank Minnesota, N.A., f/k/a Northwest Bank Minnesota, N.A., solely as trustee for Structured Asset Mortgage Investment II Inc., Bear Stearns Mortgage Funding Trust 2006-AR4, Mortgage Pass-Through Certificates, Series 2006-AR4,<br><br>Defendants.<br>_____/ | Case No. 1:15-CV-01844-MCE-SKO<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION**<br><br>**(Doc. 30)** |

On January 3, 2017, Defendants National Default Servicing Corporation, Mortgage Electronic Registration Systems, Inc., and Wells Fargo Bank, N.A., as trustee (the "Moving Defendants") filed a Motion for Reconsideration and for Terminating Sanctions, or in the Alternative for Issue and Evidentiary Sanctions, and to Modify Scheduling Order (the "Motion"). (Doc. 30.) In the instant opinion, the Court shall address only the Moving Defendants' request for

reconsideration in the Motion. For the reasons that follow, the Court GRANTS the Motion *only* to the extent that the Moving Defendants request reconsideration of the Court's December 2, 2016 order. (*Id.*)

## I.  Background

This action arises out of Defendants' notice of default relating to Plaintiffs' home mortgage. On May 20, 2015, Plaintiffs filed a complaint against Defendants in the Superior Court of California, County of Fresno. (Doc. 1, Ex. 4.) On December 9, 2015, Defendant Select Portfolio Servicing, Inc. ("Defendant Select") removed the case to this Court. (Doc. 1.)

During the course of discovery, Defendant Select served certain interrogatories on Plaintiffs on May 20, 2015. (*See* Doc. 13, Ex. 2.) The Moving Defendants did not propound these interrogatories. (*See id.*) On June 29, 2016, Defendants filed a motion to compel responses to these interrogatories. (Doc. 13.) By its order entered on August 1, 2016, the Court granted this motion to compel and directed Plaintiffs "to respond, without objections, to the" interrogatories "by no later than August 26, 2016." (Doc. 18 at 6.)

On October 11, 2016, Defendants filed a motion for terminating sanctions based on Plaintiffs' alleged failure to comply with the Court's August 1, 2016 order. (Doc. 20.) In this motion, *all* Defendants requested terminating sanctions, even though the interrogatories at issue were only propounded by Defendant Select. (*See id.*)

In an order entered on December 2, 2016, the Court denied Defendant Select's request for terminating sanctions without prejudice. (Doc. 26.) However, the Court denied the Moving Defendants' request for terminating sanctions *with prejudice*, as these Defendants did not propound the interrogatories at issue. (*See id.*)

The Moving Defendants then filed the Motion on January 3, 2017. (Doc. 30.) As pertinent here, the Moving Defendants argue in the Motion that the Court erred by denying the Moving Defendants' request for terminating sanctions *with prejudice*, as opposed to without prejudice. (*See id.* at 8–12.) The Court ordered that Plaintiffs "may file an opposition to [the Motion] by January 17, 2017." (Doc. 28.) To date, Plaintiffs have not filed an opposition to the Motion. As such, the Motion is fully briefed and ready for disposition.

## II.     Legal Standard

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).  "'A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . .' of that which was already considered by the Court in rendering its decision." *Andrews v. Pride Indus.*, No. 2:14-cv-02154-KJM-AC, 2017 WL 117899, at *2 (E.D. Cal. Jan. 11, 2017) (quoting *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001)). Further, "[a] motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880 (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Ultimately, "[t]o succeed" in a motion for reconsideration, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Andrews*, 2017 WL 117899, at *2 (citation omitted); *see, e.g.*, E.D. Cal. Local Rule 230(j) (stating that a party seeking reconsideration must show, in part, "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion").

In the Motion, the Moving Defendants argue that reconsideration is warranted due to a discrete legal error in the Court's December 2, 2016 order. (*See* Doc. 30 at 8–12.)  "Where there is an error in the underlying order, only a failure to correct 'clear error' constitutes an abuse of discretion." *Andrews*, 2017 WL 117899, at *2 (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)); *see also id.* ("The Ninth Circuit has held it is not an abuse of discretion to deny a motion for reconsideration merely because the underlying order is 'erroneous,' rather than 'clearly erroneous.'" (quoting *McDowell*, 197 F.3d at 1255 n.4)). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting

*United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc.*, 229 F.3d at 883).

### III.   Discussion

The Moving Defendants contend that the Court erred in its December 2, 2016 order by denying the Moving Defendants' request for terminating sanctions with prejudice, as opposed to without prejudice. (*See* Doc. 30 at 8–12.)  The Court agrees.

As noted by the Court during the November 30, 2016 hearing in this case, the Moving Defendants' request for terminating sanctions was denied with prejudice because these Defendants did not propound the interrogatories that purportedly formed the basis for this sanction. (*See* Doc. 25.)  However, the Moving Defendants are correct in noting that this ruling was contrary to Ninth Circuit precedent, insofar as the Court denied the Moving Defendants' request for terminating sanctions *with prejudice*, rather than without prejudice. Specifically, in *Payne v. Exxon Corp.*, the Ninth Circuit found that Federal Rule of Civil Procedure 37(b)(2)—which provides for terminating sanctions—does not include a "standing limitation" that "limit[s] the district court's dismissal authority to claims against the party who propounded discovery."  121 F.3d 503, 510 (9th Cir. 1997).  As such, "[u]nder Rule 37(b)(2), [a plaintiff's] willful and repeated violations of discovery orders [gives] the district court authority to dismiss the entire 'action or proceeding.'" *Id.* The *Payne* court ultimately affirmed the district court's dismissal of the entire action based on the plaintiffs' "failure to comply with court orders" relating to discovery and the corresponding prejudice to the defendants.  *Id.*  On the latter point, the court stated that the non-propounding defendant was prejudiced by the plaintiffs' conduct because, in pertinent part, this defendant "cooperated with [the propounding defendant's] later efforts to secure adequate responses and joined in [the propounding defendant's] motion to dismiss" for failure to comply with a court discovery order. *Id.*; *see also Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1059 (9th Cir. 1998) (affirming the district court's dismissal of the action for failure to comply with court discovery orders—even though the orders related to discovery propounded by only one

4

defendant―as (1) the discovery "was important to all the parties, because the claims were materially similar, and all the other parties were working together on discovery with [the propounding defendant] taking the lead;" and (2) the plaintiff's "violations of court orders regarding discovery had seriously impaired the public interest in expeditious resolution" of the case).

Based on this on-point Ninth Circuit authority, the Moving Defendants―who are sharing discovery with the propounding Defendant, Defendant Select, (*see, e.g.*, Doc. 30 at 10–11)―may have standing to seek dismissal of the entire action, even though the Moving Defendants did not propound the interrogatories that purportedly form the basis of the request for terminating sanctions. *See Payne*, 121 F.3d at 510. As such, the Court finds that it clearly erred by denying the Moving Defendants' request for terminating sanctions *with prejudice*―as opposed to without prejudice―on the basis that they did not have standing as a non-propounding party. *Cf. Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) ("Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948))). Instead, as the Moving Defendants correctly argue, the Court should have denied this request *without prejudice*. The Court therefore finds that reconsideration on this isolated ruling is warranted and the Court's December 2, 2016, order shall be modified accordingly.

### IV.   Conclusion

For the reasons provided herein, the Court GRANTS the Moving Defendants' Motion, (Doc. 30), to the extent the Moving Defendants request reconsideration of the Court's December 2, 2016 order.[1] Accordingly, the Court MODIFIES its December 2, 2016 order, (Doc. 26), by DENYING Defendants' first Motion for Terminating Sanctions, (Doc. 20), WITHOUT PREJUDICE as to the Moving Defendants.

IT IS SO ORDERED.

---

[1] In addition to their request for reconsideration, the Moving Defendants also move for sanctions in the Motion. (*See* Doc. 30 at 13–20.) The Court does not address―nor take a position―as to this additional request in the instant Order. As such, the Moving Defendants' request for sanctions in the Motion remains pending before the Court.

Dated: **February 8, 2017**                     /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE