1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9  IVAN CORONADO and TAMMI
   CORONADO,
10
                                            Case No. 1:15-CV-01844-MCE-SKO

                                            **FINDINGS AND RECOMMENDATIONS**
                                            **THAT THE DISTRICT COURT IMPOSE**
11                   Plaintiffs,            **TERMINATING SANCTIONS AND**
                                            **DISMISS THIS CASE**
12          v.

13  NATIONAL DEFAULT SERVICING
    CORPORATION, SELECT PORTFOLIO
14  SERVICING INC., MORTGAGE
    ELECTRONIC REGISTRATION SYSTEMS,
15  INC., WELLS FARGO BANK, N.A.,
    successor by merger to Wells Fargo Bank
16  Minnesota, N.A., f/k/a Northwest Bank
    Minnesota, N.A., solely as trustee for
17  Structured Asset Mortgage Investment II Inc.,
    Bear Stearns Mortgage Funding Trust 2006-
18  AR4, Mortgage Pass-Through Certificates,
    Series 2006-AR4,
19
20                   Defendants.
21  _____/

22

23

24        Before the Court are the following two motions: (1) Defendant Select Portfolio Servicing,

25  Inc.'s ("Defendant Select") Motion for Terminating Sanctions, or in the Alternative for Issue and

26  Evidentiary Sanctions, and to Modify Scheduling Order ("Defendant Select's Motion"), (Doc. 29);

27  and (2) a Motion for Reconsideration and for Terminating Sanctions, or in the Alternative for

28  Issue and Evidentiary Sanctions (the "Remaining Defendants' Motion"), (Doc. 30), brought by

1  Defendants National Default Servicing Corporation, Mortgage Electronic Registration Systems,

2  Inc., and Wells Fargo Bank, N.A., as trustee (together, the "Remaining Defendants").  For the

3  reasons provided herein, the undersigned recommends that the presiding district court judge

4  GRANT Defendant Select's Motion, (Doc. 29), and the Remaining Defendants' Motion, (Doc.

5  30), insofar as all Defendants request that the Court impose terminating sanctions and dismiss this

6  action, in its entirety.

7                                    **I.    BACKGROUND**

8          This action arises out of Plaintiffs' purported default on the mortgage for certain property

9  and Defendants' subsequent election to sell the property.  Plaintiffs have proceeded *pro se* since

10  the inception of this case.

11         On May 20, 2015, Plaintiffs filed the Complaint against Defendants[1] in the Superior Court

12  of California, County of Fresno.  (Doc. 1, Ex. 4.)  Defendant Select then removed this case to this

13  Court on December 9, 2015.[2]  (Doc. 1.)

14         The Complaint includes the following claims against all Defendants: (1) First Cause of

15  Action—violation of the California Homeowners Bill of Rights; (2) Second Cause of

16  Action—violation of California Civil Code § 2923.5; (3) Third Cause of Action—negligence; (4)

17  Fourth Cause of Action—violation of California Business and Professions Code Section 17200, *et*

18  *seq.*, (5) Fifth Cause of Action—constructive fraud; (6) Sixth Cause of Action—slander of title;

19  (7) Seventh Cause of Action—quiet title; (8) Eighth Cause of Action—declaratory relief; (9)

20  Ninth Cause of Action—injunctive relief.  (*See id.*, Ex. 4 ¶¶ 42–128.)  Beyond the declaratory and

21  injunctive requests included in the Eighth and Ninth Causes of Action, the Complaint also

22  includes requests for (1) special, general, compensatory, treble, and punitive damages, (2)

23  restitution, and (3) attorneys' fees and costs.  (*See id.* at 31.)

24         On May 15, 2016, Defendant Select propounded first sets of interrogatories to each

25

26  [1] The Complaint included Central Pacific Mortgage Company as a defendant in this action.  (*See* Doc. 1, Ex. 4.)
   While this action was pending in state court, Plaintiffs voluntarily dismissed Central Pacific Mortgage Company as a
27  defendant. (*See id.*, Ex. 1.)  As such, Central Pacific Mortgage Company is no longer a defendant in this case.
   [2] In its Notice of Removal, Defendant Select asserts that the removal was timely because it was "filed less than thirty
28  days after [Defendant Select] received notice of Plaintiffs' voluntary dismissal of the only non-diverse
   defendant—Central Pacific Mortgage Company."  (Doc. 1 ¶ 3.)

Plaintiff (the "Discovery Requests").  (*See* Doc. 13, Ex. 2 at 2–31.)  The Discovery Requests pertained to a wide range of topics, such as evidence supporting all of Plaintiffs' claims and the damages Plaintiffs allegedly suffered.  (*See id.* at 10–14, 25–29.)  The Remaining Defendants did not propound the Discovery Requests and the Discovery Requests do not otherwise indicate that the Remaining Defendants joined with Defendant Select in propounding these interrogatories. (*See id.* at 2–31.)

On June 29, 2016, Defendant Select filed a motion to compel, in which it requested that the Court compel responses to the Discovery Requests, as well as additional requests for production of documents.  (Doc. 13.)  In an order entered on August 1, 2016, the undersigned granted this motion to compel and ordered Plaintiffs "to respond, without objections, to the [Discovery Requests] by no later than August 26, 2016."[3]  (Doc. 18.)

On October 11, 2016, Defendants filed a Motion for Terminating Sanctions or in the Alternative for Issue and Evidentiary Sanctions (the "First Motion for Terminating Sanctions"). (Doc. 20.)  In the First Motion for Terminating Sanctions, Defendants asserted that Plaintiffs had "failed to provide any responses to the" Discovery Requests.  (*Id.* at 5 (emphasis omitted).) Defendants argued that the Court should therefore "dismiss this matter, with prejudice."  (*Id.* at 11.)

In its order entered on December 2, 2016 (together with the undersigned's August 1, 2016 order, the "Discovery Orders"), the undersigned denied the First Motion for Terminating Sanctions without prejudice as to Defendant Select.  (Doc. 26 at 1–2.)  As the Remaining Defendants did not propound the Discovery Requests—or otherwise join Defendant Select in propounding the Discovery Requests—the undersigned denied the First Motion for Terminating Sanctions *with* prejudice as to the Remaining Defendants.  (*Id.* at 2.)  The undersigned also again ordered "Plaintiffs to provide full responses, without objections, to [the Discovery Requests] by no

---

[3] In the August 1, 2016 order, the undersigned also ordered Plaintiffs to respond, without objections, to certain document requests propounded by Defendant Select on March 15, 2016.  (*See* Doc. 18 at 3 & 6.)  However, Defendants do not argue in either Defendant Select's Motion or the Remaining Defendants' Motion that these document requests form the basis for any sanctions.  (*See* Docs. 29 & 30.)  As such, the document requests Defendant Select propounded on March 15, 2016 are not at issue for purposes of the instant Findings and Recommendations.

later than Friday, December 16, 2016."[4]  (*Id.*)  Finally, the undersigned ordered that it would "hold a hearing regarding the status of this matter on Wednesday, December 21, 2016."  (*Id.*)

The undersigned subsequently held a status conference on December 21, 2016.  (Doc. 27.) Plaintiffs failed to appear at this status conference.  (Doc. 28 at 2.)  During this status conference, Defendants indicated that they would again file motions for terminating sanctions.   (*Id.*) Defendants also stated that they would seek reconsideration of the undersigned's December 2, 2016 order, insofar as the undersigned denied the First Motion for Terminating Sanctions *with* prejudice as to the Remaining Defendants.   (*Id.*)   The undersigned therefore provided the following briefing schedule for these motions: (1) Defendants could "file their motions for terminating sanctions and reconsideration of the" undersigned's December 2, 2016 order "by no later than January 3, 2017;" (2) "Plaintiffs [could] file an opposition brief to these motions by January 17, 2017;" and (3) "Defendants [could] file their reply brief in support of these motions by January 24, 2017."  (*Id.*)

On January 3, 2017, Defendant Select filed Defendant Select's Motion, (Doc. 29), and the Remaining Defendants filed the Remaining Defendants' Motion, (Doc. 30).  To date, Plaintiffs have not filed an opposition to either Defendant Select's Motion or the Remaining Defendants' Motion.  Defendants also have not filed any reply briefs in support of these two motions.

On February 8, 2017, the undersigned held a hearing regarding Defendant Select's Motion and the Remaining Defendants' Motion.  (Doc. 35.)  "Plaintiffs did not make an appearance at this hearing despite a phone call by defense counsel to [Plaintiffs'] last known telephone number" at the designated time for the hearing.  (Doc. 36.)  At this hearing, "Defendants state[d] . . . that, to date, Plaintiffs . . . failed to comply with" the undersigned's August 1, 2016 order by not responding, without objections, to the Discovery Requests.  (*Id.*)  As such, in an order entered on the same date, the undersigned cautioned "Plaintiffs that [the undersigned] will recommend that the district court *dismiss this entire case* if Plaintiffs fail to respond to [the Discovery Requests] by

---

[4] In its December 2, 2016 order, the undersigned ordered "Plaintiffs to retain counsel, if they so choose, by Friday, December 9, 2016."  (Doc. 26 at 2.)  The undersigned further ordered that, "[i]f Plaintiffs choose to retain counsel, . . . Plaintiffs' counsel must notice their appearance on the docket for this case no later than December 9, 2016."  (*Id.* at 2.) To date, no counsel has noticed an appearance on behalf of Plaintiffs on the docket for this case.

no later than Wednesday, February 22, 2017." (*Id.*)  The undersigned's February 8, 2017 order was served on Plaintiffs by mail and there is no indication on the docket for this case that Plaintiffs did not receive this order—or, indeed, any of the undersigned's orders.

On February 23, 2017, Defendants filed notice "that Plaintiffs have not responded (in any way whatsoever) to [the Discovery Requests], to date." (Doc. 38 at 2.)  The docket for this case does not otherwise provide any indication that Plaintiffs have responded to the Discovery Requests.

Finally, in the Remaining Defendants' Motion, the Remaining Defendants first request that the undersigned reconsider its December 2, 2016 order to the extent the undersigned denied the First Motion for Terminating Sanctions *with* prejudice as to the Remaining Defendants.  (*See* Doc. 30 at 8–12.)  In an order entered on February 8, 2017, the undersigned granted the Remaining Defendants' Motion, but only "to the extent the [Remaining] Defendants request[ed] reconsideration of the [undersigned's] December 2, 2016 order." (Doc. 37 at 5.)  The undersigned therefore modified its December 2, 2016 order by denying the First Motion for Terminating Sanctions *without* prejudice as to the Remaining Defendants.  (*Id.*)  Consequently, the Remaining Defendants' request for reconsideration in the Remaining Defendants' Motion, (*see* Doc. 30 at 8–12), has been resolved, but the remainder of this motion—including the Remaining Defendants' request for terminating sanctions, (*see id.* at 13–18)—is still pending before the Court.

## II.   STANDING FOR THE REMAINING DEFENDANTS

The undersigned must address a preliminary issue before turning to Defendants' requests for terminating sanctions.   In particular, only Defendant Select propounded the Discovery Requests that are the subject of the undersigned's Discovery Orders.  (*See, e.g.*, Doc. 13, Ex. 2 at 2–31.)  However, *all* Defendants now request terminating sanctions for Plaintiffs' failure to follow the Discovery Orders by not responding to the Discovery Requests.  (*See* Doc. 29 at 16; Doc. 30 at 22.)   Nonetheless, for the reasons that follow, the undersigned finds that all Defendants have standing to seek this sanction.

In *Payne v. Exxon Corp.*, the Ninth Circuit addressed a case where the district court dismissed the entire action against two defendants due to the plaintiffs' failure to comply with a

1   discovery order, even though only one of the defendants propounded the discovery that was the

2   subject of the discovery order.  121 F.3d 503, 507 (9th Cir. 1997).  In addressing the plaintiffs'

3   argument that dismissal of the claims against both defendants was improper, the *Payne* court noted

4   that Federal Rule of Civil Procedure 37(b)(2)—which provides for terminating sanctions, *see* Fed.

5   R. Civ. P. 37(b)(2)(A)(v)—does not include a "standing limitation" that "limit[s] the district

6   court's dismissal authority to claims against the party who propounded discovery," *Payne*, 121

7   F.3d at 510.  As such, "[u]nder Rule 37(b)(2), [a plaintiff's] willful and repeated violations of

8   discovery orders [gives] the district court authority to dismiss the entire 'action or proceeding.'"

9   *Id.*

10      Ultimately, the *Payne* court affirmed the district court's dismissal of the entire action based

11  on the plaintiffs' "failure to comply with court orders" relating to discovery and the corresponding

12  prejudice to both defendants.  *Id.*   On the latter point, the *Payne* court stated that the non-

13  propounding defendant was prejudiced by the plaintiffs' conduct because, in pertinent part, this

14  defendant "cooperated in [the propounding defendant's] later efforts to secure adequate responses

15  . . . and joined in [the propounding defendant's] final motion to dismiss" for failure to comply

16  with a discovery order.  *Id.*; *see also Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1059

17  (9th Cir. 1998) (affirming the district court's dismissal of the entire action for failure to comply

18  with discovery orders—even though the orders related to discovery propounded by only one

19  defendant—as (1) the discovery "was important to all the parties, because the claims were

20  materially similar, and all the other parties were working together on discovery with [the

21  propounding defendant] taking the lead," and (2) the plaintiff's "violations of court orders

22  regarding discovery had seriously impaired the public interest in expeditious resolution" of the

23  case).

24      In this case, all Defendants are represented by the same counsel.  (*See, e.g.*, Doc. 30 at 22.)

25  Additionally, the Remaining Defendants state that they intended to rely on Plaintiffs' responses to

26  the Discovery Requests.  (*See, e.g.*, *id.* at 2, 10–12.)  Indeed, the Remaining Defendants note that

27  the Discovery Requests "inquired into subject matter relevant to common defenses" and

28  Defendant Select is "the attorney-in-fact" for the Remaining Defendants under a limited power-of-

attorney agreement "and was therefore acting on both its own behalf as well as its co-Defendants' behalf in propounding the" Discovery Requests.  (*Id.* at 10–11.)  Based on these uncontroverted assertions, the undersigned finds that all Defendants suffered prejudice by Plaintiffs' failure to comply with the Discovery Orders by not responding to the Discovery Requests.

In short, the Remaining Defendants—like the defendants in *Payne*—intended to rely on Plaintiffs' responses to the Discovery Requests and suffered prejudice by Plaintiffs' failure to comply with the undersigned's Discovery Orders relating to the Discovery Requests.  As such, pursuant to *Payne* and its progeny, the undersigned finds that the Remaining Defendants may seek dismissal of Plaintiffs' claims against the Remaining Defendants, even though these Defendants did not propound the Discovery Requests.  The undersigned now turns to Defendants' requests for terminating sanctions.

## III.   TERMINATING SANCTIONS

All Defendants request that the Court impose terminating sanctions and dismiss this entire action due to Plaintiffs' failure to comply with the Discovery Orders.  (*See, e.g.*, Doc. 29 at 16; Doc. 30 at 22.)  For the following reasons, the undersigned agrees with Defendants' position and recommends that the presiding district court judge dismiss this case, in its entirety.

**A.     Standard**

Federal Rule of Civil Procedure 37(b)(2)(A) provides that, "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders."  Those further orders "may include" a wide range of sanctions, such as adverse inferences, "striking pleadings in whole or in part," and dismissal of "the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(b)(2)(A); *see, e.g.*, *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) ("Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." (citations omitted)).  "In evaluating the propriety of sanctions, the [c]ourt considers 'all incidents of a party's misconduct.'"  *Blundell v. Cty. of L.A.*, No. CV 08-2212-DDP (EX), 2010 WL 344320, at *4 (C.D. Cal. Jan. 29, 2010) (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990)).  Further, "[a]

7

1   terminating sanction . . . is very severe," *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*,

2   482 F.3d 1091, 1096 (9th Cir. 2007), "and is to be imposed only in extreme circumstances,"

3   *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citation omitted).   "The

4   appropriateness of a sanction is within the discretion of the [c]ourt." *Raygoza v. City of Fresno*,

5   297 F.R.D. 603, 606 (E.D. Cal. 2014).

6   **B.**      **Willfulness, Bad Faith, and Fault**

7       As an initial matter, "[o]nly 'willfulness, bad faith, and fault' justify terminating

8   sanctions." *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096 (quoting *Jorgensen v. Cassiday*, 320 F.3d

9   906, 912 (9th Cir. 2003)).   This prerequisite "does not require wrongful intent." *Sanchez v.*

10  *Rodriguez*, 298 F.R.D. 460, 463 (C.D. Cal. 2014).   Instead, "[d]isobedient conduct not shown to

11  be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault."

12  *Jorgensen*, 320 F.3d at 912 (citation omitted).   "Delay, failure to appear for depositions, failure to

13  answer interrogatories resulting from a party being out of town, and misunderstanding a party's

14  own counsel are not matters outside of a party's control." *Nat'l Corp. Tax Credit Funds III, IV,*

15  *VI, VII v. Potashnik*, No. CV 07–3528 PSG (FMOx), 2010 WL 457626, at *4 (C.D. Cal. Feb. 4,

16  2010) (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949 (9th Cir. 1993)).

17       Here, there is no indication in the record that Plaintiffs did not receive either the Discovery

18  Requests or the undersigned's Discovery Orders.   Nonetheless, Plaintiffs have failed to offer any

19  explanation, whatsoever, as to why they failed—and continue to fail—to comply with the

20  Discovery Orders.   As such, Plaintiffs have not shown that their disobedient conduct in failing to

21  comply with the Discovery Orders was outside of their control.   Consequently, the undersigned

22  finds that the "willfulness, bad faith, and fault" prerequisite to dispositive sanctions is satisfied.

23  *See, e.g.*, *Henry*, 983 F.2d at 949 (finding that the "willfulness, bad faith, or fault" requirement

24  was satisfied where none of the plaintiff's "various explanations for his discovery misconduct . . .

25  persuade[d]" the court "that circumstances outside his control caused his transgressions");

26  *Sanchez*, 298 F.R.D. at 463–64 (finding that the plaintiff's noncompliance with a discovery order

27  satisfied the "willfulness, bad faith, or fault" requirement where the plaintiff "received the

28  discovery requests, the motion to compel, and the order granting the motion to compel," yet the

1  plaintiff did "not attempt[] to show that his repeated failure to comply with discovery obligations .

2  . . was outside his control" (citation omitted)).

3  **C.      The Factor Analysis**

4          In addition to the willfulness, bad faith, and fault prerequisite, the Ninth Circuit has stated

5  that "[c]ourts are to weigh" the following "five factors in deciding whether to dismiss a case for

6  failure to comply with a court order": (1) "the public's interest in expeditious resolution of

7  litigation;" (2) "the court's need to manage its docket;" (3) "the risk of prejudice to the

8  defendants;" (4) "the public policy favoring disposition of cases on their merits;" and (5) "the

9  availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460

10 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).  "These factors are 'not a series of conditions

11 precedent before the judge can do anything,' but a 'way for a district judge to think about what to

12 do.'"  *Id.* (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

13 The undersigned shall address each of the pertinent factors, in turn.

14

15         1.      <u>First and Second Factors—Public's Interest in Expeditious Resolution and the
                   Court's Need to Manage its Docket</u>

16         The first two factors of this analysis clearly favor dismissal, as is always the case when a

17 party fails to comply with a court order.  *See, e.g.*, *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406,

18 1412 (9th Cir. 1990) ("Where a court order is violated, the first two factors support sanctions . . .

19 .").  In particular, Plaintiffs' failure to comply with the Discovery Orders hindered the public's

20 interest in the expeditious resolution of this matter—which Defendant Select removed to this

21 Court over a year ago in December 2015, (*see* Doc. 1)—by stalling this litigation at the discovery

22 phase, *see, e.g.*, *Gonzales v. Mills*, No. 1:09–cv–1549 AWI DLB, 2011 WL 976713, at *5 (E.D.

23 Cal. Mar. 16, 2011) (finding that "[t]he public's interest in expeditious resolution of litigation

24 favor[ed] dismissal" where the "case ha[d] been pending for over a year and a half, yet it [was]

25 apparent that the case [was] not ready for trial"); *cf. Yourish v. Cal. Amplifier*, 191 F.3d 983, 990

26 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors

27 dismissal.").  Additionally, Plaintiffs' conduct in failing to abide by either of the Discovery Orders

28 has prevented the Court from managing its docket by preventing any merits-based resolution of

1    this matter and thereby needlessly clogging the Court's docket.  *See, e.g.*, *Gonzales*, 2011 WL

2    976713, at *5 (noting that courts in this District carry "overly congested" dockets "and stalled

3    cases due to a lack of prosecution aggravate the situation"); *cf. Armstrong v. Spearman*, No. 1:13–

4    cv–00246–AWI–SAB (PC), 2015 WL 5021664, at *2 (E.D. Cal. Aug. 21, 2015) ("[T]he Eastern

5    District of California is one of the busiest federal jurisdictions in the United States and its District

6    Judges carry the heaviest caseloads in the nation, [so] the [c]ourt's interest in managing its docket

7    weighs in favor of terminating the action.").  The undersigned therefore finds that the first two

8    factors weigh in favor of dismissal.

9              2.    Fourth Factor—Public Policy in Favor of Disposing of Cases on the Merits

10           Skipping to the fourth factor, there is, of course, a "strong public policy favoring

11   disposition of cases on their merits."  *In re Sucato*, 152 F.3d 929, at *1 (9th Cir. 1998); *see, e.g.*,

12   *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits

13   whenever reasonably possible." (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814

14   (9th Cir. 1985))).  As a terminating sanction does not dispose of an action on its merits, this factor

15   "cuts against case-dispositive sanctions."  *Valley Eng'rs Inc.*, 158 F.3d at 1057 (citation omitted).

16           Nonetheless, the Ninth Circuit has noted that "a case that is stalled or unreasonably

17   delayed by a party's failure to comply with deadlines and discovery obligations cannot move

18   forward toward resolution on the merits."  *In re Phenylpropanolamine*, 460 F.3d at 1228.

19   Consequently, this fourth "factor lends little support to a party whose responsibility it is to move a

20   case toward disposition on the merits but whose conduct impedes progress in that direction."  *Id.*

21   (citations omitted).

22           Here, Plaintiffs' failure to comply with either of the undersigned's Discovery Orders has

23   stalled this litigation and made it a remote possibility, at best, that this matter will reach any

24   conclusion based on the merits.  As such, the fourth factor is entitled to little weight in this

25   analysis, *see, e.g.*, *id.*, and a dispositive sanction is appropriate if the remaining factors weigh in

26   favor of dismissal, *see, e.g.*, *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960–61 (9th Cir. 2006) (stating

27   that "the public policy favoring disposition of cases on their merits, . . . standing alone, is not

28   sufficient to outweigh the other four factors" (citation omitted)); *cf. Winters v. Jordan*, No. 2:09–

1  cv–0522–JAM–KJN PS, 2013 WL 5780819, at *10 (E.D. Cal. Oct. 25, 2013) ("Dismissal is

2  proper 'where at least four factors support dismissal or where at least three factors strongly

3  support dismissal.'" (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998))).

4         Thus, as is always the situation "[w]here a court order is violated, the first two factors

5  support sanctions and the fourth factor cuts against" a dispositive sanction.  *Adriana Int'l Corp. v.*

6  *Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).  "Therefore, it is the third and fifth factors that are

7  decisive." *Id.*

8         3.      Third Factor—Risk of Prejudice

9         Turning next to the third factor—the risk of prejudice to the defendants—the Ninth Circuit

10  noted that "[a] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to

11  go to trial or threaten to interfere with the rightful decision of the case."   *In re*

12  *Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (citations

13  omitted).   "Failing to produce documents as ordered is considered sufficient prejudice."  *Id.*

14  (citation omitted).  "The law also presumes prejudice from unreasonable delay."  *Id.* (citation

15  omitted).  "However, this presumption of prejudice is a rebuttable one and if there is a showing

16  that no actual prejudice occurred, that factor should be considered . . . ."  *In re Eisen*, 31 F.3d

17  1447, 1452–53 (9th Cir. 1994) (citation omitted).  "The district court's finding of prejudice" shall

18  be accorded "substantial deference because the district court is in the best position to assess

19  prejudice." *In re Phenylpropanolamine*, 460 F.3d at 1228 (citation omitted).

20         In the present matter, the prejudice factor weighs in favor of dispositive sanctions for three

21  distinct reasons.  First, Defendants suffered prejudice due to Plaintiffs' failure to comply with the

22  Discovery Orders regarding the Discovery Requests.  *See, e.g.*, *Adriana Int'l Corp.*, 913 F.2d at

23  1412 (stating that "[f]ailure to produce documents as ordered . . . is considered sufficient

24  prejudice" under the third factor (citing *SEC v. Seaboard Corp.*, 666 F.2d 414, 417 (9th Cir.

25  1982))).   Second, Plaintiffs' conduct in failing to comply with the Discovery Orders has

26  prejudiced Defendants by infringing on their ability to prepare and execute their defenses, or to

27  otherwise make litigation decisions that are informed by Plaintiffs' responses to the Discovery

28  Requests.  *See, e.g.*, *Armstrong v. Spearman*, No. 1:13–cv–00246–AWI–SAB (PC), 2015 WL

11

5021664, at *2 (E.D. Cal. Aug. 21, 2015) ("The failure to obtain discovery information significantly impairs the [d]efendants' ability to go to trial . . . and to make rightful and informed decisions as to whether . . . defense[s] should be explored."). Finally, Plaintiffs' failure to comply with the Discovery Orders has needlessly stalled this litigation, thereby creating a presumption of prejudice. *See, e.g.*, *In re Phenylpropanolamine*, 460 F.3d at 1227 ("The law . . . presumes prejudice from unreasonable delay." (citations omitted)). For each of these reasons, the undersigned finds that the third factor weighs in favor of dispositive sanctions.

4. Fifth Factor—Availability of Lesser Sanctions

As to the fifth factor—the availability of less drastic sanctions—the Ninth Circuit stated that "[t]he district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131–32 (9th Cir. 1987) (quoting *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986)). This final factor includes the following three "sub-parts": (1) "whether the court has considered lesser sanctions;" (2) whether the court "tried" lesser sanctions; and (3) "whether [the court] warned the recalcitrant party about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (citing *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). "While helpful and encouraged, explicit discussion of alternatives is not necessary for a dismissal order to be upheld." *In re Phenylpropanolamine*, 460 F.3d at 1229 (citing *Malone*, 833 F.2d at 132). Further, "[w]arning that failure to obey a court order will result in dismissal can itself meet the consideration of alternatives requirement." *Id.* (citations omitted); *see, e.g.*, *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001) (stating that "explicit discussion by the district court of the feasibility of alternatives when ordering dismissal . . . would be superfluous or unnecessary" under some "circumstances," such as where the court warns "a party that a future failure to obey a court order will result in" termination of the case).

In the present matter, the undersigned has considered lesser sanctions, such as evidence or issue sanctions. However, the Discovery Requests address a wide range of topics, such as the purported bases for (1) Defendants' liability for all of Plaintiffs' claims, and (2) any damages

Plaintiffs allegedly suffered due to Defendants' conduct.  (*See* Doc. 13, Ex. 2 at 2–31.)  As such, if the Court imposed evidence or issue sanctions related to the Discovery Requests, those lesser sanctions would, in effect, dispose of this entire case.  The undersigned therefore finds that lesser sanctions are not a viable alternative in this matter.  *See, e.g.*, *Davis v. Cty. of L.A.*, Case No. CV 15-09343-VAP (DTB), 2017 WL 655083, at *6 (C.D. Cal. Jan. 11, 2017) (finding that "no lesser sanctions" were "available to the [c]ourt" where "the discovery still outstanding relates both to damages and liability").

Further, Plaintiffs received sufficient warning regarding the looming potential of terminating sanctions.  In particular, in its order entered on February 8, 2017, the undersigned stated the following:  "The Court . . . CAUTIONS Plaintiffs that it will recommend that the district court *dismiss this entire case* if Plaintiffs fail to respond to [the Discovery Requests] . . . by no later than Wednesday, February 22, 2017."  (Doc. 36 (emphasis in original).)  As such, Plaintiffs were informed of the severe and dispositive consequences of their continued recalcitrance in failing to comply with either of the Discovery Orders by not responding to the Discovery Requests.  Nonetheless, Defendants notified the undersigned on February 23, 2017 that Plaintiffs failed to respond "in any way whatsoever" to the Discovery Requests.  (Doc. 38 at 2.)  Plaintiffs have not provided any representation to the Court contradicting this statement by Defendants.

Plaintiffs' failure to respond to the Discovery Requests despite an explicit warning from the undersigned as to the consequence of dismissal is itself sufficient to satisfy the fifth factor. *See, e.g.*, *In re Phenylpropanolamine*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the consideration of alternatives requirement." (citations omitted)).  The undersigned therefore finds that the factor pertaining to the consideration of lesser sanctions weighs in favor of terminating sanctions.

5.    Additional Consideration—Pursuit of Truth

As a corollary to the aforementioned factors, the Ninth Circuit also stated that, "[i]n deciding whether to impose case-dispositive sanctions, the most critical factor is not merely delay or docket management concerns, but truth."  *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007).  "Federal Rule of Civil Procedure 1 requires that the

1   rules be construed to secure the 'just' resolution of disputes."  *Id.*  However, "[t]rue facts must be

2   the foundation for any just result."  *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1058

3   (9th Cir. 1998).  As such, "[t]he most critical factor to be considered in case-dispositive sanctions

4   is whether 'a party's discovery violations make it impossible for a court to be confident that the

5   parties will ever have access to the true facts.'"  *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1097

6   (quoting *Valley Eng'rs Inc.*, 158 F.3d at 1058).  Stated differently, "[w]hat is most critical for

7   case-dispositive sanctions . . . is whether the discovery violations 'threaten to interfere with the

8   rightful decision of the case.'"  *Valley Eng'rs Inc.*, 158 F.3d at 1057 (quoting *Adriana Int'l Corp.*

9   *v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)).

10       In this case, Plaintiffs have consistently failed to comply with either of the undersigned's

11   Discovery Orders regarding the Discovery Requests.  Defendant Select propounded the Discovery

12   Requests in May 2016, (*see* Doc. 13, Ex. 2 at 14–15, 29–30), so this discovery has remained

13   outstanding for almost a year.  Further, Plaintiffs have provided no indication that they shall

14   comply with the Discovery Orders by adequately responding to the Discovery Requests.

15       In short, Plaintiffs' conduct has completely stalled this litigation.  As such, there is little

16   likelihood that this matter will reach any merits-based resolution, let alone a disposition based on

17   the truth.  The undersigned therefore finds that Plaintiffs' failure to comply with the Discovery

18   Orders has prevented a rightful ultimate determination in this case and, consequently, dispositive

19   sanctions are warranted.  *See, e.g.*, *Valley Eng'rs Inc.*, 158 F.3d at 1057.

20       In summary, the vast majority of the pertinent factors weigh heavily in favor of the

21   imposition of terminating sanctions.  While the public policy in favor of merits-based resolutions

22   weighs against dispositive sanctions, to some extent, this factor is readily outweighed by the

23   remaining factors.  *See, e.g.*, *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960–61 (9th Cir. 2006)

24   (stating that "the public policy favoring disposition of cases on their merits, . . . standing alone, is

25   not sufficient to outweigh the other four factors" (citation omitted)); *Winters v. Jordan*, No. 2:09–

26   cv–0522–JAM–KJN PS, 2013 WL 5780819, at *10 (E.D. Cal. Oct. 25, 2013) ("Dismissal is

27   proper 'where at least four factors support dismissal or where at least three factors strongly

28   support dismissal.'" (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998))).

The undersigned thus recommends that the presiding district court judge impose terminating sanctions on Plaintiffs and dismiss this case.

### IV.     CONCLUSION

For the reasons set forth above, the undersigned RECOMMENDS that the presiding district court judge GRANT Defendant Select's Motion, (Doc. 29), and the Remaining Defendants' Motion, (Doc. 30), insofar as all Defendants request that the Court impose terminating sanctions on Plaintiffs.  The undersigned therefore RECOMMENDS that the presiding district court judge impose terminating sanctions on Plaintiffs and dismiss this case, in its entirety, *with prejudice*.  *See, e.g.*, *Matus v. Manfredi*, No. CV F 05-1384 LJO (NEW) WMW, 2007 WL 587226, at \*5 (E.D. Cal. Feb. 23, 2007) (dismissing an action *with prejudice* due to the "plaintiffs' failure to comply with [an] order to provide discovery responses").

These Findings and Recommendations shall be submitted to the United States District Court Judge assigned to this case pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  E.D. Cal. Local Rule 304(b).  Any written objections to these findings and recommendations should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

As the undersigned recommends that the presiding district court judge dismiss this action, the undersigned STAYS all pending deadlines in this matter pending the district court judge's determination regarding these Findings and Recommendations.

Finally, the undersigned DIRECTS the Clerk to mail a copy of these Findings and Recommendations to Plaintiffs at their address, as listed on the docket for this case.  (*See* Doc. 14 (providing Plaintiffs' notice of a change of address, which corresponds to the address currently provided for Plaintiffs on the docket for this case).)

IT IS SO ORDERED.

Dated:   __April 5, 2017__                    _____/s/ Sheila K. Oberto_____

UNITED STATES MAGISTRATE JUDGE